**UNITED STATES of America, Plaintiff,**

v.

**ONE 1988 FORD MUSTANG, VIN # 1FABP45E7JF268886, Defendant.**

**No. 89 C 2003.**

United States District Court, N.D. Illinois, E.D.

Aug. 17, 1989.

Mark A. Flessner, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

James R. Epstein and Francine L. Kaplan, Epstein Zaideman & Esrig, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Claimant Jeff C. Levin moves to dismiss the United States' complaint for forfeiture of his 1988 Ford Mustang automobile under the provisions of 21 U.S.C.A. § 881(a)(4) (West 1981 & Supp.1988). Levin contends that such forfeiture violates the proportionality of punishment requirement of the Eighth Amendment of the United States Constitution. For the reasons stated below, we deny Levin's motion to dismiss.

### I.

In its complaint, the government sets forth the following allegations, which we take as true for purposes of this motion to dismiss. Levin is the registered owner of one 1988 Ford Mustang GT convertible. Late at night on November 2, 1988, Officer John A. Sebben of the Deerfield, Illinois, Police Department observed Levin and a companion sitting in the Mustang, which was in the parking lot of a Deerfield bowling alley. Levin and his companion were smoking from a pipe that appeared to be the type commonly used for cannabis. Upon approaching the vehicle and smelling the odor of burning cannabis, Officer Sebben identified himself and requested the pipe from Levin. Levin responded, "We were only smoking a bowl full. Are you going to bust us for that?" Levin gave the pipe containing a "residue of cannabis" to Officer Sebben. Levin and his companion were arrested for the possession of cannabis, and the defendant vehicle was seized. Upon an inventory search of the vehicle, the police found items known to be drug paraphernalia.

The government seized the Mustang under the authority of 21 U.S.C. § 881(a), which provides with certain exceptions not relevant here that

> (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> (1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.
>
> \*  \*  \*  \*  \*  \*
>
> (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1)....

Levin contends that forfeiture of his automobile to the United States on the basis of possession of a pipe containing only a "residue of cannabis" violates the constitutional requirement that punishment be proportional to the crime. He charges that the complaint on its face offends the Eighth Amendment of the United States Constitution [1] and, therefore, fails to state a claim on which relief properly may be granted. Fed.R.Civ.P. 12(b)(6).

---

**1.** The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

## II.

We must begin our analysis by looking at the nature of forfeitures. Courts have long distinguished between criminal *in personam* forfeitures and civil *in rem* forfeitures. The Seventh Circuit has described the difference this way:

Criminal forfeiture "is an *in personam* proceeding against a defendant in a criminal case and is imposed as a sanction against the defendant upon his conviction." S.Rep. No. 225, 98th Cong., 2d Sess. 193, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3376. In contrast, civil forfeiture is an *in rem* proceeding against the property that the government seeks to obtain, without regard to the guilt or innocence of the property owner "because the theory is that the property itself has committed the wrong." *United States v. Nichols,* 841 F.2d 1485, 1486 (10th Cir.1988) (citing *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 680–81, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974)).

*United States v. Moya–Gomez,* 860 F.2d 706, 721 n. 15 (7th Cir.1988), *cert. denied sub nom. Estevez v. United States,* ── U.S. ──, 109 S.Ct. 3221, 106 L.Ed.2d 571 (U.S. 1989) (No. 88–6623). The Seventh Circuit has held that forfeiture under section 881 provides for civil *in rem* forfeiture. *United States v. $79,123.49 in United States Cash and Currency,* 830 F.2d 94, 97 (7th Cir.1987); *see also United States v. D.K.G. Appaloosas, Inc.,* 829 F.2d 532, 543 (5th Cir.1987), *cert. denied sub nom. One 1984 Lincoln Mark VII Two–Door v. United States,* 485 U.S. 976, 108 S.Ct. 1270, 99 L.Ed.2d 481 (1988).

The distinction between the two types of forfeiture is important. The Ninth Circuit has held that criminal forfeiture implicates the Eighth Amendment requirement of proportionality. *See United States v. Busher,* 817 F.2d 1409, 1413–16 (9th Cir.1987). Although the Seventh Circuit has not yet squarely faced the issue, it appears to favor the decision of the *Busher* court. *United States v. Horak,* 833 F.2d 1235, 1251 (7th Cir.1987) ("We are not insensitive to the concern that vast prosecutorial discretion in combination with potentially enormous forfeiture orders might in some circumstances threaten Eighth Amendment rights."); *see also United States v. Stern,* 858 F.2d 1241, 1250 (7th Cir.1988). As noted above, however, a section 881 forfeiture is a civil *in rem* forfeiture, and thus the question here is whether the requirement of proportionality should apply to civil forfeitures.

Levin contends that it should. He relies in large part on *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), where the Supreme Court held that the Fourth Amendment's exclusionary rule applied to a state civil forfeiture proceeding. In doing so, the Court emphasized the "quasi criminal nature" of forfeitures:

"We are also clearly of opinion that proceedings instituted for the purpose of declaring the forfeiture of a man's property by reason of offenses committed by him, though they may be civil in form, are in their nature criminal.... If an indictment had been presented against the claimants, upon conviction the forfeiture of the goods could have been included in the judgment. If the government prosecutor elects to waive an indictment, and to file a civil information against the claimants—that is, civil in form—can he by this device take from the proceeding its criminal aspect and deprive the claimants of their immunities as citizens ...? This cannot be."

*Id.* at 697, 85 S.Ct. at 1249 (quoting *Boyd v. United States,* 116 U.S. 616, 633–34, 6 S.Ct. 524, 534, 29 L.Ed. 746 (1886)).

█ If *Plymouth Sedan* were the only precedent we had to rely on, we might well agree with Levin, since we can see no compelling reason to distinguish between the Fourth and Eighth Amendments for these purposes. As might be expected, however, *Plymouth Sedan* is not the only precedent that has bearing on this matter. The government relies heavily on *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), where the Supreme Court considered a Puerto Rican forfeiture statute modeled after 21 U.S.C. § 881(a). *See id.* at 686 n. 25, 94 S.Ct. at 2093 n. 25. The Puerto Rican

authorities invoked the statute to seize a leased pleasure boat after they had discovered marijuana aboard her. The yacht's lessor, which was neither involved in nor aware of the lessee's wrongful use of the yacht, challenged the seizure of the yacht as a taking of property without just compensation, in violation of the Fifth and Fourteenth Amendments. The Supreme Court held, *inter alia*, that civil forfeiture of property, even the property of "innocents," did not violate the Constitution. The Court traced the history of civil *in rem* forfeiture back to the beginning of the Nation and even further: through centuries of English common law and indeed, back through the mists of time all the way to the Book of Exodus. *Id.* at 681 & n. 17, 94 S.Ct. 2090 & n. 17. After its survey of history, the Court continued the long-standing distinction between civil and criminal forfeiture and endorsed the ancient theory that in civil forfeiture cases, it is the *res* that is the offender. *Id.* at 683–84, 94 S.Ct. at 2092 (citing *The Palmyra*, 25 U.S. (12 Wheat.) 1, 6 L.Ed. 531 (1827) (Story, J.); *United States v. Brig Malek Adhel*, 43 U.S. (2 How.) 210, 11 L.Ed.2d 239 (1844)). Because the *res* was the offender, the innocence of the property owner did not matter.[2] Given the long history of *in rem* forfeiture, the Court concluded that it did not effect a taking.

We are not sure whether *Plymouth Sedan* and *Pearson Yacht* can easily be reconciled. If the civil forfeiture in *Plymouth Sedan* was really against the *res*, as *Pearson Yacht* suggests, then it is not clear why the exclusionary rule should apply—after all, the Fourth Amendment protects only "[t]he right of the people," not the right of automobiles. Perhaps the Court believed that the forfeiture in *Plymouth Sedan* was really a criminal forfeiture, even though civil in form; indeed, later

Supreme Court cases may be read to put this gloss on the *Plymouth Sedan* case. *See United States v. Janis*, 428 U.S. 433, 447 n. 17, 96 S.Ct. 3021, 3029 n. 17, 49 L.Ed.2d 1046 (1976); *One Lot Emerald Cut Stones & One Ring v. United States*, 409 U.S. 232, 236 n. 6, 93 S.Ct. 489, 492 n. 6, 34 L.Ed.2d 438 (1972). At any rate, if there is an inconsistency between *Plymouth Sedan* and *Pearson Yacht*, we must resolve it in favor of the more recent *Pearson Yacht* case.

■ If we do that, Levin's Eighth Amendment argument must fail. Under the Eighth Amendment, "a criminal sentence [or fine] must be proportionate to the crime for which the defendant has been convicted." *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). But if a civil forfeiture is against the *res*, then it is illogical to apply principles of proportionality based on the conduct of the *res* owner. This becomes apparent if one examines the *Pearson Yacht* line of cases. In those cases, the property owners did nothing that was criminal, but their property nonetheless was taken away. This is as disproportionate as can be, yet the Supreme Court has upheld these forfeitures against constitutional challenges. To be sure, the narrow question presented by the property owner in *Pearson Yacht* involved the Takings Clause. Yet the language of the Court was broad—"statutory forfeiture schemes are not rendered unconstitutional because of their applicability to the property interests of innocents," *Pearson Yacht*, 416 U.S. at 680, 94 S.Ct. at 2090—and given "the long line of [the Supreme] Court's decisions which squarely collide with [Levin's] assertion of a constitutional violation," *id.* at 688, 94 S.Ct. at 2094, we cannot believe that the Supreme Court would now hold that civil forfeiture is subject to proportionality analysis.

**2.** In dicta, the Court identified two exceptions to this general rule: first, where the property subject to forfeiture had been taken from the owner and used in the criminal activity without his or her privity or consent; and second, where the owner had done all that reasonably could be expected to prevent the proscribed use of the property. Because the yacht's lessor had voluntarily entrusted it to the lessees, and because the lessor had neither alleged nor shown that it had

done all that it reasonably could to prevent an illegal use, the Court did not apply these exceptions. *Id.* 416 U.S. at 689–90, 94 S.Ct. at 2094–95.

The logic of these exceptions is not readily apparent. If the *res* really is the offender, then there is no reason to consider the conduct of the property owner. This would indicate that at the edges, at least, the *in rem* fiction begins to break down.

This is essentially the result reached by the Ninth Circuit in *United States v. Tax Lot 1500*, 861 F.2d 232 (9th Cir.1988). In that case, the government, pursuant to section 881(a), seized Kenneth Jaffee's house and land when they found 143 marijuana plants growing on the land. At the time the property was seized, the marijuana plants were worth less than $1,000, while the house and land were worth $94,810. Jaffee argued that the value of the property was disproportionate to the value of the plants, and that the forfeiture therefore was unconstitutional under the Eighth Amendment. The Ninth Circuit, however, rejected these arguments. The Court found "persuasive" the government's argument that "if the owner's innocence is not a defense to an *in rem* forfeiture, it makes no sense to apply the Eighth Amendment's proportionality review, because the proportionality 'inquiry focuses on whether a person deserves such punishment....' If the constitution allows *in rem* forfeiture to be visited upon innocent owners ... the constitution hardly requires proportionality review of forfeiture imposed on the guilty who assumed the risk of forfeiture." *Id.* at 234 (quoting *Rummel v. Estelle*, 445 U.S. 263, 288, 100 S.Ct. 1133, 1146, 63 L.Ed.2d 382 (1980) (Powell, J., dissenting)). Accordingly, the Ninth Circuit concluded, as we do, that the Eighth Amendment requirement of proportionality does not apply to civil forfeitures under section 881(a).[3]

## III.

For the reasons set forth above, Levin's motion to dismiss is denied. It is so ordered.

---

**3.** In light of the case law set out here, we are certain that our result is correct. Still, we are not all that comfortable in relying upon the *in rem* fiction, a fiction that appears rooted in ancient superstition. *See Pearson Yacht*, 416 U.S. 680–82, 94 S.Ct. at 2090–91. We find more persuasive the analysis of the *Plymouth Sedan* case, where the Court concluded that a forfeiture proceeding is "quasi criminal in character. Its object, like a criminal proceeding, is to penalize for the commission of an offense against the law." *Plymouth Sedan*, 380 U.S. 700, 85 S.Ct. at 1250. In our view, criminal and civil forfeitures should therefore be treated the same, but since the Supreme Court continues to adhere to the *in rem* fiction, we have no choice but to decide otherwise.