UNITED STATES of America, Plaintiff,

v.

**5854 NORTH KENMORE, CHICAGO, ILLINOIS, all improvements and appurtenances thereto, Defendant.**

No. 89 C 6164.

United States District Court, N.D. Illinois, E.D.

March 13, 1991.

---

Elizabeth M. Landes, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Marc W. Martin, Genson, Steinback & Gillespie, Chester Slaughter, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

The captioned matter is a civil action brought by the government for forfeiture of property pursuant to 21 U.S.C. § 881(a)(7). The property consists of a twenty-six unit apartment building, which the government maintains was used by Otto Birgel to facilitate the sale of drugs. Otto Birgel held title to the defendant property, but he is now deceased. The government has moved for summary judgment in this action, while Anita Birgel, Otto Birgel's widow and administrator of his estate, moves to dismiss the forfeiture action. For the reasons explained below, the government's motion for summary judgment is denied. Claimant's motion to dismiss is also denied.

## Background

The following facts are undisputed by the parties. On May 18, 1989, at approximately 5:30 p.m., Special Agent William Haley of the Illinois State Police, acting in an undercover capacity, purchased approximately one-half ounce of cocaine from Otto Birgel in apartment 3A of the defendant premises. On May 19, 1989, at approximately 5:30 p.m., pursuant to Mr. Birgel's instructions, Agent Haley went to apartment 3C at the defendant premises in order to purchase one and a half to two ounces of cocaine from an individual named James Mallet. Haley met Mallet in the apartment and negotiated the terms of the deal. While Mallet stated that he had been told by Birgel to sell Haley some cocaine, the two men got involved in a dispute concerning the terms of the sale, and the deal was not completed. On August 2, 1989, agent Haley purchased another half ounce of cocaine from Birgel in apartment 3A at the defendant premises. The two men discussed the possibility of future drug deals between them.

Because of the events described above, Otto Birgel was indicted in the Circuit Court of Cook County, charged with delivery of cocaine and conspiracy to deliver cocaine. These offenses are punishable by more than one year imprisonment. This forfeiture action was filed in federal court on August 14, 1989. Otto Birgel, Anita Birgel, and Talman Savings and Loan, filed claims to the defendant property. On December 11, 1989, the parties (presumably Otto Birgel, Anita Birgel, Talman Savings and the government) agreed to the sale of the defendant property prior to the resolution of the forfeiture action. The U.S. Marshal service sold the property for $535,000 on July 11, 1990, leaving net proceeds of $412,785.40.

Shortly after midnight on March 21, 1990, Otto Birgel was found shot to death at the defendant premises, the government argues that he was the victim of "a drug-related murder."

Anita Birgel presents the following facts, which are uncontested by the government. The real property at 5854 North Kenmore was purchased in 1968. Mr and Mrs. Birgel pooled their funds to purchase the defendant property. Ms. Birgel claims that of the $58,000 down payment on the property, $38,000 was contributed by the Birgels, and $10,000 was borrowed from her mother. Of the $38,000 which she and Mr. Birgel saved for the down payment, Ms. Birgel personally contributed money earned from her job. Only Otto Birgel was listed as beneficiary of the land trust which held title to the building.

During the twenty years that they owned the building, the Birgels paid the building's mortgage, tax, utility, and other bills, out of joint checking and savings accounts, which both of them contributed funds to. Further, all rents collected from 5854 Kenmore were deposited in the same joint checking and savings accounts. Both Mr. and Mrs. Birgel had equal access and control over the funds in the accounts, and the income which they earned on the apartment building was reported on the couple's joint income tax statements.

Ms. Birgel participated both in building maintenance and management: she helped with building renovations, and was, at times, responsible for collecting rent from tenants. Ms. Birgel reports that she had a set of keys to the building, which gave her access to every apartment in the building. Ms. Birgel states, and the government does not deny, that at no time between 1968 and the filing of the government's forfeiture action did she know that drugs were being sold at 5854 North Kenmore.

The government now moves for summary judgment in this action against the net proceeds of the defendant premises, arguing that it has a right to the money under § 881(a)(7). Ms. Birgel contests the motion for summary judgment on several grounds: (1) that because Otto Birgel is dead, abatement of the forfeiture action is required; (2) that forfeiture of the entire tract of land would violate 21 U.S.C. § 881(a)(7), and the eighth amendment; and (3) that forfeiture of the entire property would violate Anita Birgel's property interests, as an innocent owner. For the reasons explained below,

the government's motion for summary judgment is denied.

### The Motion for Summary Judgment

The government seized the defendant apartment building under the authority of 21 U.S.C. § 881(a), which provides in pertinent part:

> (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
>   *   *   *   *   *   *
>
> (7) All real property, including any right, title, and interest (including leasehold interest) in the whole of any tract of land and any appurtenances or improvements which is used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment. . . .

█ The government's burden in a civil forfeiture action is merely to establish probable cause to believe that the defendant property is subject to forfeiture. In this case, the government must show probable cause to believe that the defendant premises were used to facilitate the distribution of drugs. Probable cause is defined as "reasonable ground for the belief of guilt supported by less than prima facie proof but more than mere suspicion." *United States v. Three Hundred Sixty Four Thousand, Nine Hundred Sixty Dollars, Etc.*, 661 F.2d 319, 322–323 (5th Cir. 1981). Once the government demonstrates probable cause, the burden of proof shifts to the claimant to show by a preponderance of the evidence that the property was not subject to forfeiture. *United States v. Edwards*, 885 F.2d 377 (7th Cir.1989). Summary judgment ordering forfeiture is appropriate when the government establishes probable cause and the claimant fails to show that the facts constituting probable

cause did not exist. *United States v. Little Al*, 712 F.2d 133 (5th Cir.1983); *United States v. Premises Known as 3639–2nd St., N.E.*, 869 F.2d 1093 (8th Cir.1989).

Given the facts described above, the court finds that the government has established probable cause to believe that the defendant property was used to facilitate the distribution of drugs.[1] *See e.g., United States v. Premises Known as 3639–2nd St., N.E.*, 869 F.2d 1093 (8th Cir.1989). What the court must now determine is whether any of Ms. Birgel's arguments against forfeiture have merit, given the fact that she must prove by the preponderance of the evidence that the defendant property was not subject to forfeiture. In deciding the motion for summary judgment, the court notes that there are few cases on forfeiture, and no Seventh Circuit cases, which directly concern the unique questions which are presented in this case. Hence, the court must decide the motion for summary judgment by applying the law on forfeiture to the issues presented.

### Standing

The government contends that summary judgment is proper in this case because Anita Birgel lacks standing to challenge the forfeiture.[2] Anita Birgel argues that she has standing to challenge this action as the Independent Administrator of Otto Birgel's estate, as a legitimate heir to Otto Birgel, and as an equitable owner of the defendant property. In terms of defending her own interests in the property, Ms. Birgel asserts that because she is an innocent owner of the property, her interests in the property are protected by statute.

█ First, the court agrees that Ms. Birgel has standing to challenge this action as a personal representative of Birgel's estate. Without question, under the laws of

---

1. The court's ruling on the motion for summary judgement is also dispositive of Anita Birgel's motion to dismiss. Since this opinion decides many of the numerous arguments presented in the motion to dismiss, most of which were without merit, the court will not directly address the arguments presented in that motion. We do note, however, that the motion is denied.

2. Under the law:

> A party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture. *United States v. $500,000*, 730 F.2d 1437, 1439 (11th Cir.1984).

Illinois, if Otto Birgel were alive today he would have standing to defend against the forfeiture of his property on any relevant grounds. *See e.g., U.S. v. One 1945 Douglas c–54 (DC–4) Aircraft Serial No. 22186,* 604 F.2d 27, 28 (8th Cir.1979). The real question is whether Ms. Birgel can establish an interest in the property on behalf of the estate. The government's argument is that Ms. Birgel's status as administrator of Otto Birgel's estate does not give her an interest in this action, because as administrator Anita Birgel can only acquire the interest Otto Birgel held at the time of his death. Under § 881(h) of Title 21 all right, title and interest in the property subject to forfeiture vests in the United States at the time of the commission of the acts giving rise to forfeiture.

"[W]e follow the reasoning of [*In re*] *Metmor* [*Financial, Inc.,* 819 F.2d 446 (4th Cir.1987)] that no third party can acquire a legally valid interest in the property forfeited from anyone other than the government after the illegal act takes place. The fair implication of this language is that unless a claimant has a claim to the property forfeited which existed prior to the time the acts take place which bring on the forfeiture, then the innocent owner provision of the statute has no application." *Case of One Nissan, 300ZX, VIN: JN1C214SFX069854,* 889 F.2d 1317 (4th Cir.1989).

This court has found that the government has shown probable cause for the forfeiture of 5854 Kenmore, while Ms. Birgel has not presented any evidence on behalf of Otto Birgel to contest the forfeiture of his interests in the property. Hence, the court must find that Anita Birgel, in her capacity as administrator and heir, has no interest in the defendant property.[3] Similarly, Ms. Birgel has no interest in the property as an heir of Otto Birgel, since the relation-back doctrine requires the court to find that at the time of Otto Birgel's death there was no interest in the defendant premises for heirs of Otto Birgel to inherit. *See, Caplin & Drysdale, Char-*

*tered v. United States,* 491 U.S. 617, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989) ("Unless a claimant has a claim to the property forfeited which existed prior to the time the acts take place which bring on forfeiture, then the innocent owner provision of the provision of the statute has no application.")

The court next considers Ms. Birgel's argument that she has an interest in the property which existed before the illegal act took place. Both in her motion to dismiss and in her response to defendant's motion for summary judgment, Anita Birgel raises the issue of her own property interests in the defendant premises. Anita Birgel contends that since 1968, when the property at 5854 N. Kenmore was purchased, she and her husband shared the responsibility of maintaining and paying for the property. She acknowledges that title in the property is only in her husband's name, but argues that denying her interest in the property for that reason would be unjust.

Given the facts of this case, Ms. Birgel contends that she has an interest in the defendant property under the Illinois Marriage and Dissolution Act, which provides that "[a]ll property acquired during the marriage is presumed to be marital property regardless of how title is held...." Ill. Rev.Stat. ch. 40, para. 503(b). Ms. Birgel argues that because the property is marital property within the meaning of the Act, her interests in 5854 Kenmore are protected by the law. Ms. Birgel further argues that given her property interests, the government's civil forfeiture action should be dismissed.

The court disagrees. Both the Illinois Marriage and Dissolution Act, and the cases that follow it, indicate that the Act is concerned with what constitutes marital property at the time of the dissolution of a marriage. *See, Kujawinski v. Kujawinski,* 71 Ill.2d 563, 17 Ill.Dec. 801, 805–06, 376 N.E.2d 1382, 1386–87 (1978). Since the Birgel's never divorced, or legally separat-

---

**3.** What is extremely disturbing about this conclusion is the fact that since Otto Birgel is dead, he has had no opportunity to rebut the govern-

ment's successful showing of probable cause by means of counter-affidavits, or other permissible documents.

ed, and their marriage was never declared invalid, Ms. Birgel's reasoning is clearly misplaced. She has no property interest in the defendant property under the Act. *See also, United States v. Schifferli*, 895 F.2d 987, 989 (4th Cir.1990).

■ The court finds, nonetheless, that Ms. Birgel may have standing to contest this matter as an innocent owner of the defendant property. There is evidence that she has a property interest in the defendant property under the laws of Illinois. With respect to civil forfeiture actions, property issues concerning ownership are governed by the laws of the state in which the property is located. *See United States v. Certain Real Property*, 910 F.2d 343 (6th Cir.1990).

Under Illinois law, Ms. Birgel's monetary and personal contributions to the defendant premises could be interpreted as her gift to her husband. *See Nugent v. Nugent*, 9 Ill.App.3d 702, 292 N.E.2d 917 (1973) (A presumption of gift arises where title is taken in the name of one spouse, although the property is paid for by another, or purchased with joint funds.) The presumption of gift is not conclusive, but may be rebutted by proof. In the instant case, Ms. Birgel argues that the defendant property was jointly owned, and not the possession solely of her husband. The court believes that the evidence presented suggests that 5854 North Kenmore was jointly owned by both Mr. and Ms. Birgel.[4]

In this case, Anita Birgel presents evidence that the mortgage for the defendant property was paid by both Mr. and Mrs. Birgel, that the tax liability was shared, and that the building expenses and profits were shared. The court finds that there is evidence that Ms. Birgel has standing in this case. Specifically, the evidence she presents of her long term contributions to the defendant premises rebuts the presumption that the defendant property was a gift to her husband. The court finds that given Ms. Birgel's contributions to the defendant property, under Illinois law, she may have a resulting trust in the defendant premises.[5]

[A resulting trust] results from the fact that one man's money has been invested in land and the conveyance has taken the name of another.... Such a trust also 'results in favor of one who pays only part of the purchase price ... a trust will result proportioned to his share of the purchase price.' *Id.* 258 N.E.2d at 368.

While the court believes that Ms. Birgel may have an interest in the defendant property, our findings are not conclusive. The court therefore asks the parties to brief this issue, so that the question of Ms. Birgel's standing to contest the forfeiture can finally be resolved.

Ms. Birgel also claims that she is an innocent owner of the defendant property, and therefore has a right to contest the forfeiture action. *See* 21 U.S.C. § 881(a)(7). Ms. Birgel's argument that

---

4. We note that Illinois courts have determined that the reasons for presuming that a gift was intended when a man pays for land and conveys it to his wife do not apply where the wife pays for the land and causes it to be conveyed to her husband. *See* 21 I.L.P. *Husband and Wife* §§ 105, 106 (1977), and *In Re Estate of Jarodsky*, 122 Ill.App.2d 243, 258 N.E.2d 365 (1970). Hence, men and women face an unequal burden in contesting the gift defense. While recognizing that the laws of Illinois allow for such a discriminatory review of gifts between spouses, in evaluating the facts of this case the court determined whether Ms. Birgel's contributions should be considered gifts solely on the basis of the evidence presented in this case, without imposing a discriminatory burden.

5. In *In re Estate of Jarodsky*, 122 Ill.App.2d 243, 258 N.E.2d 365 (1970), the wife of the decedent

contested the administrator's inventory of her husband's estate after she discovered that the administrator listed two theatres, which had been purchased with joint funds, as being the sole property of the decedent. The decedent died intestate. In *Jarodsky*, the decedent withdrew $35,000 from the couple's joint bank account to purchase two theatres; the deeds to the property conveyed title solely in the decedent's name. Both Mr. and Mrs. Jarodsky assisted in the operation of theatres.

In contesting the administrator's conclusions, Ms. Jarodsky presented "the record books" on the property at issue. The record books established her interest in the property as a partner in the business. The Illinois Appellate Court found that Mrs. Jarodsky had a resulting trust in the property in an amount equal to her contribution to the purchase price of the property.

she has a claim in the property as an innocent owner may have some merit, since the courts have recognized that "there are some extremely limited circumstances in which an innocent owner might have a valid defense in a forfeiture proceeding." *U.S. v. Leong Chinese Merchants Association Building*, 918 F.2d 1289 n. 3 (7th Cir.1990). The court declines to decide this issue, however, because it was not properly briefed by the parties. The government assumed that Ms. Birgel did not have standing to contest this action, so it did not address the issue of innocent ownership. Similarly, the claimant has failed to address the heavy burden she must meet in order to prove innocent ownership. The parties will brief this issue before the court makes a determination of whether Ms. Birgel is an innocent owner.

The court has engaged in the above analysis regarding property interests and the innocent ownership defense because of the difficult facts presented in this case, and the parties' failure to fully address some of the issues presented. While persuaded that Ms. Birgel may have an interest in the defendant premises, the court is uncertain that this conclusion is proper under Illinois law, or the laws governing civil forfeiture.[6] The parties are instructed to brief both the issue of Ms. Birgel's interest in the defendant property, and whether she is an innocent owner within the meaning of § 881(a)(7).

*Abatement and Proportionality*

■ Ms. Birgel's first argument on the merits of this case is that because Otto Birgel is dead, the forfeiture action should abate. She contends that civil actions seeking a penal remedy do not survive the death of the claimant; therefore, the government's cause of action against Otto Birgel should abate, and the property at issue should be returned to Birgel's heirs. The court disagrees, finding that case law on civil forfeiture proceedings suggests that civil forfeiture actions do not abate upon a claimant's death.

The Seventh Circuit has recognized the distinction between criminal forfeitures, which are *in personam* proceedings, and forfeitures under § 881, which are viewed as civil *in rem* proceedings. *United States v. Moya–Gomez*, 860 F.2d 706, 721 n. 15 (7th Cir.1988) (Describing civil forfeiture as an *in personam* proceeding against the property that the government seeks to obtain, without regard to the guilt or innocence of the property owner "because the theory is that the property itself has committed the wrong."); *see also, United States v. $79,123.49 in United States Currency*, 830 F.2d 94, 97 (7th Cir.1987). This view of civil forfeitures, of course, disfavors abatement following a claimant's death.

Only one court has considered whether forfeiture proceedings can proceed after the death of the claimant. In *United States v. Miscellaneous Jewelry* the court found that abatement would be improper when the government had demonstrated probable cause to believe that ownership of certain property was derived through illegal drug transactions. The Fourth Circuit explained that since *in rem* forfeiture proceedings require no holding that an individual has violated the law, civil forfeiture actions do not abate upon the death of the claimant. *See United States v. Miscellaneous Jewelry*, 667 F.Supp. 232 (D.Md. 1987), *aff'd sub. nom., In re One 1985 Nissan*, 889 F.2d 1317, 1319 (4th Cir.1989). In keeping with the reasoning we find in the Seventh, and other circuits regarding the *in rem* nature of the proceedings, the court finds that since the government has

---

**6.** The court notes that Ms. Birgel may have some equitable interests under Illinois law, which have not been raised by the parties, and that she may be an innocent owner with respect to those interests. (In determining who is an "owner", legal title may not be dispositive. *See, Joint Explanatory Statement of Titles II and III*, P.L. No. 95–633, 95th Cong. 1978 U.S.Code Cong. & Admin.News, 9496, 9518, 9522–23, explaining the innocent owner provision of 21 U.S.C. § 881(a)(6)). The court finds, however, that the arguments presented by Ms. Birgel regarding her own equitable ownership of the property are without merit. The cases presented by the claimant concern equitable ownership within the context of tax liability, they are not on point, and not at all persuasive.

established probable cause for forfeiture, this action should not abate upon claimant's death.[7]

■ The court next considers Ms. Birgel's argument that forfeiture of the whole of the defendant property is inconsistent with § 881(a)(7) and the eighth amendment. First, the court finds that in general, the eighth amendment does not bar forfeiture of the entire tract of defendant property. Courts which have addressed the eighth amendment issue have found that the requirement of proportionality does not apply to forfeitures. *U.S. v. One 1988 Ford Mustang,* 728 F.Supp. 495 (N.D.Ill.1989), *U.S. v. Tax Lot 1500,* 861 F.2d 232, 235 (9th Cir.1988). While case law clearly indicates that forfeiture proceedings under § 881 allow for forfeiture of an entire tract of land, the court finds that proportionality principles may apply if it is determined that Ms. Birgel has standing to contest this action as an innocent owner of the defendant premises. As an innocent owner, Ms. Birgel would be entitled to recover the proportion of the proceeds from the defendant premises which belong to her. If it is found that Ms. Birgel is not an innocent owner, the law clearly provides that the government may take all of the proceeds from the defendant premises. *United States v. Santoro,* 866 F.2d 1538, 1543 (4th Cir.1989); *United States v. Tax Lot 1500,* 861 F.2d 232, 235 (9th Cir.1988); *United States v. 141st Street Corporation,* 911 F.2d 870 (2d Cir.1990).

### Conclusion

For the reasons explained above, the government's motion for summary judgment is denied, as is the claimants motion to dismiss. The parties are instructed to brief both the issue of Ms. Birgel's interest in the defendant property, and whether she is an innocent owner within the meaning of § 881(a)(7).

---

7. The court notes, however, that there are important differences between the facts of this case, and the facts presented in *Miscellaneous Jewelry* which made the issue of abatement difficult to resolve. In arguing against abatement, the government argues that the forfeiture action should proceed against the property because the defendant property "is guilty" of the alleged crime it committed, even after the claimant's death.

The difficulty is that in this case only a small percentage of the defendant property is actually accused of violating the statute, two apartments out of twenty-six. Further, upon the death of Otto Birgel, the defendant property ceased to act in violation of the law. The court believes that the taint or illegality associated with this property is necessarily smaller than that of property which is acquired with drug money. In *Miscellaneous Jewelry,* the court was concerned with abatement in the context of property which was guilty of being purchased with illegal funds. Because it was purchased with illegal funds, the defendant property remained in violation of the statute, even after the claimant's death.