UNITED STATES of America, Plaintiff-Appellee,

v.

ONE 1978 CHEVROLET IMPALA VIN— 1L69U8S156817, Defendant-Appellant.

No. 79–2457

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 31, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Warren L. "Rip" Collins, Jr., Austin, Tex., for defendant-appellant.

Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

Claimants appeal from a judgment for forfeiture against their 1978 Chevrolet Impala under 21 U.S.C.A. § 881 and 49 U.S.C.A. § 782. We affirm.

At the trial, the Government presented evidence showing that the vehicle was employed in transporting phenyl-2-propanone (P–2–P) used in the manufacture of methaphetamine. While methaphetamine is a controlled substance and thus contraband, P–2–P is not. 21 U.S.C.A. § 812; 49 U.S.C.A. § 781(b)(1). Claimants presented no evidence at the close of the Government's case. When the Government's evidence in a forfeiture proceeding under these statutes is uncontradicted, the scope of the inquiry on appeal is whether the Government's evidence established probable cause for the institution of the suit. *See United States v. One 1971 Chevrolet Corvette,* 496 F.2d 210 (5th Cir. 1974).

The probable cause necessary here is a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion. *United States v. One 1975 Ford Pickup Truck,* 558 F.2d 755 (5th Cir. 1977); *United States v. One 1971 Chevrolet Corvette,* 496 F.2d at 212; *Bush v. United States,* 389 F.2d 485 (5th Cir. 1968).

21 U.S.C.A. § 881(a)(4) subjects to forfeiture any vehicle which is used or intended for use to transport any controlled substance or any raw material, product, or equipment used or intended for use in manufacturing any controlled substance. Thus the fact that the goods transported could be used in a legitimate business does not prevent a forfeiture. *Cf. Utley Wholesale Co. v. United States,* 308 F.2d 157 (5th Cir. 1962) (forfeiture of a tractor trailer and 300 sacks of sugar under 26 U.S.C.A. § 7301); *United States v. Bryan,* 265 F.2d 698 (5th Cir. 1959) (forfeiture of tow truck under same statute). The district court's finding that the vehicle was used to transport P–2–P to be used for the purpose of making methaphetamine, a controlled substance, is sufficient to establish the probable cause

necessary to sustain the forfeiture. That finding is not clearly erroneous. The district court correctly applied 21 U.S.C.A. § 881.

The forfeiture was also proper under 49 U.S.C.A. § 782. The findings of the district court are sufficient to show that the vehicle "facilitated" the "transportation, carriage, conveyance, concealment, receipt, *possession*, purchase, sale, barter, exchange, or giving away of" a contraband article. 49 U.S.C.A. § 781(a)(3). *See United States v. One 1973 Volvo*, 377 F.Supp. 810 (W.D.Tex. 1974), and cases cited therein. The Government therefore met its burden of proof. Neither of the two exceptions in the statute are applicable because claimants have not shown that the violation was committed by a person who acquired possession of the vehicle illegally or that the vehicle was used as a common carrier.

AFFIRMED.