**UNITED STATES of America, Plaintiff–Appellant,**

**v.**

**APPROXIMATELY 50 ACRES OF REAL PROPERTY LOCATED AT 42450 HIGHWAY 441 NORTH FORT DRUM, OKEECHOBEE COUNTY, FLORIDA, together with all Appurtenances there and all improvements thereon, Defendant,**

**James Alton Padgett, Claimant–Appellee.**

**No. 90–5354**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 1991.

---

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Kathleen M. Salyer, Robert A. Rosenberg, Asst. U.S. Attys., Fort Lauderdale, Fla., Linda Collins Hertz, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellant.

R.N. Koblegard, III, Fee, Bryan & Koblegard, Fort Pierce, Fla., for claimant-appellee.

Before TJOFLAT, Chief Judge, EDMONDSON and DUBINA, Circuit Judges.

PER CURIAM:

The Government appeals from an order of the district court finding that the defendant property, a one-acre parcel of land containing a single family home, was not subject to civil forfeiture under 21 U.S.C. § 881(a)(7) (1988), because the Government did not demonstrate probable cause to believe that a substantial connection existed between the property and an illegal drug transaction. We disagree with the district court's decision, and reverse.

I.

The claimant to the property, Alton Padgett, owned five contiguous parcels of land in Okeechobee County, Florida, including the parcel containing his home which is the subject of this appeal.[1] Before and during September 1985, Padgett and his coconspirators met on three separate occasions at the house. During these meetings, the conspirators made plans to use another of the five parcels Padgett owned, a forty-acre tract, as a landing strip for the import of cocaine from Colombia. They negotiated the compensation Padgett would receive for the use of his land, decided which area of Padgett's land would make the best landing strip, traveled from the house to inspect the landing strip they had chosen, discussed the type of airplane they would use, and decided that they needed to remove a fence and some trees to allow the airplane to land. Although Padgett testified that these meetings on his property never occurred, the district court rejected his testimony.

As planned, in September 1985, a small airplane containing approximately 300 kilograms of cocaine landed on the parcel that the conspirators had decided to use for a landing strip. The cocaine was removed

---

**1.** The Government originally sought forfeiture of all five of these parcels. The district court found that although the parcels were contiguous, they were separate properties. It therefore considered whether each was forfeit separately, and held that only one, which was used as a landing strip for an airplane containing cocaine, was forfeit. The Government appeals only one of the district court's conclusions—that the parcel containing Padgett's home was not forfeit.

from the airplane for distribution, and the airplane, which had been damaged while landing, was buried. Padgett was later convicted of conspiracy to import cocaine, conspiracy to possess cocaine with intent to distribute, importation of cocaine, and possession of cocaine with intent to distribute. He is presently incarcerated.

## II.

Section 881(a)(7) of the United States Code allows the civil forfeiture of real property that is "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" an illegal drug transaction. The United States Courts of Appeals disagree on what the government must show to prove probable cause for forfeiture of real property under section 881(a)(7). The First, Fourth, and Eighth Circuits hold that the government must prove that the real property had a "substantial connection" to the illegal activity. *See United States v. Parcel of Land and Residence at 28 Emery St.*, 914 F.2d 1, 3–4 (1st Cir.1990); *United States v. One Parcel of Real Estate Located at 7715 Betsy Bruce Lane*, 906 F.2d 110, 112–13 (4th Cir.1990); *United States v. Schifferli*, 895 F.2d 987, 989 (4th Cir.1990); *United States v. Santoro*, 866 F.2d 1538, 1542 (4th Cir.1989); *United States v. Premises Known as 3639–2nd St. N.E.*, 869 F.2d 1093, 1096–97 (8th Cir.1989); *id.* at 1098 (Arnold, J., specially concurring). The Seventh Circuit, on the other hand, has rejected the substantial connection test, and instead requires the government to show only that the real property had "more than an incidental or fortuitous connection" to the crime. *See United States v. One Parcel of Real Estate Commonly Known as 916 Douglas Ave.*, 903 F.2d 490, 493–94

(7th Cir.1990); *see also United States v. Property Identified as 3120 Banneker Drive, N.E.*, 691 F.Supp. 497, 500–01 (D.D.C.1988).

Our own circuit has not expressly adopted either standard for forfeiture of real property under section 881(a)(7). We have stated, in the context of the forfeiture, under section 881(a)(4), of a vehicle used to facilitate an illegal drug transaction, that "[t]o support a forfeiture under [section] 881, the government must demonstrate probable cause for the belief that a substantial connection exists between the vehicle to be forfeited and the relevant criminal activity." *United States v. One 1979 Porsche Coupe*, 709 F.2d 1424, 1426 (11th Cir.1983).[2] The district courts in this circuit have extended this substantial connection test to section 881(a)(7). *See, e.g., United States v. Real Property and Residence at 31 N.W. 136th Court*, 711 F.Supp. 1079, 1081 (S.D.Fla.1989); *United States v. Real Property and Residence at 3097 S.W. 111th Ave.*, 699 F.Supp. 287, 289 (S.D.Fla. 1988).

This conflict between the circuits may well be "semantic rather than practical," *916 Douglas Ave.*, 903 F.2d at 494. For instance, the courts agree that property is used to "facilitate" a crime when it makes the illegal activity "easy or less difficult," *United States v. One 1980 Bertram 58' Motor Yacht*, 876 F.2d 884, 887 n. 3 (11th Cir.1989) (interpreting section 881(a)(4)), ensures that the crime will be "more or less free from obstruction or hindrance," *Premises Known as 3639–2nd St.*, 869 F.2d at 1096, or "lessens the labor" involved in handling illegal substances, *United States v. (One) (1) 1971 Chevrolet Corvette Auto.*, 496 F.2d 210, 212 (5th Cir.1974).[3] Further-

---

**2.** We also have held that a substantial connection must exist to justify forfeiture of the proceeds of illegal drug transactions under section 881(a)(6). *See, e.g., United States v. A Single Family Residence Located at 900 Rio Vista Blvd.*, 803 F.2d 625, 628 (11th Cir.1986). The "substantial connection" language originated in the legislative history to section 881(a)(6). Joint Explanatory Statement of Titles II and III of the Psychotropic Substances Act of 1978, Pub.L. No. 95–633, 92 Stat. 3768 (codified in scattered sec-

tions of 18 and 21 U.S.C.), *reprinted in* 1978 U.S.Code Cong. & Admin.News 9496, 9522. The legislative history of section 881(a)(7) makes no reference to a substantial connection standard. S.Rep. No. 225, 98th Cong., 1st Sess. 195, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3378, 3398.

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of

more, even those circuits that adopt the substantial connection test have not imposed a requirement that the property be integral, essential, or indispensable to the transaction. *See Schifferli*, 895 F.2d at 990; *Premises Known as 3639–2nd St.*, 869 F.2d at 1096.

In this case, however, we do not need to decide which standard to adopt, because the Government has shown probable cause for forfeiture under either a substantial connection test or the more lenient approach. When the parties have used property for "general discussions ... about *unspecified* drug transactions," that property has not facilitated illegal activity. *One 1980 Bertram 58' Motor Yacht*, 876 F.2d at 887 (interpreting section 881(a)(4); emphasis added); *see also 28 Emery St.*, 914 F.2d at 5 ("one phone call overheard by a police officer that never resulted in a sale is insufficient"); *United States v. 124 East N. Ave.*, 651 F.Supp. 1350, 1353 (N.D.Ill.1987) (the "isolated use of a phone at a home to discuss a narcotics sale" might not justify a forfeiture). This case, however, does not involve a general discussion about unspecified illegal activity or an isolated phone call. To the contrary, the property was used to negotiate and plan an essential component of a specific drug transaction that actually took place. The conspirators met regularly on the property and discussed the details of their plan there. Moreover, they traveled from the house to inspect the proposed landing site nearby. The district court's emphasis on the lack of evidence that the property was to be used as the delivery site or to store the drugs is misplaced; the presence or intended presence of drugs on the property is not a prerequisite to forfeiture under section 881(a)(7). *See 916 Douglas Ave.*, 903 F.2d at 494 (house forfeit when details of cocaine sale arranged with several calls to house); *see also One 1979 Porsche Coupe*, 709 F.2d at 1426 ("it is not necessary for the subject vehicle either to have transported the illegal substance (or the purchase money) or to have served as the location for the transaction"). On the facts of this

the former Fifth Circuit handed down prior to

case, the Government has shown that the property had more than an incidental or fortuitous connection to the transaction; indeed, the property had a substantial connection to illegal activity. Therefore, it is forfeit under section 881(a)(7).

### III.

For the reasons stated above, we RE-VERSE the district court's decision denying forfeiture of the single family residence. On receipt of our mandate, the district court shall enter an order forfeiting said property to the Government.

REVERSED.