**In the Matter of ONE 1987 TOYOTA, DE REG. 461262 VIN # JT2AE8659HO256431.**

**Civ. A. No. 90M–12–7.**

Superior Court of Delaware, New Castle County.

Submitted: March 30, 1992.
Decided: May 15, 1992.

Adam L. Balick, Dept. of Justice, Wilmington, DE, for the State.

Carlos R. Ortiz, pro se.

**OPINION**

BARRON, Judge.

This is a civil action brought under Superior Court Civil Rule 71.3 for the return of one 1987 Toyota[1] seized pursuant to 16 *Del.C.*, § 4784 in connection with the arrest of the owner-petitioner, Carlos R. Ortiz (claimant), on various drug-related charges. The matter is presently before the Court on the State's motion and claimant's cross-motion for summary judgment pursuant to Superior Court Civil Rule 56.

The defendant vehicle was seized on October 6, 1990. Claimant, arrested for trafficking in cocaine among other charges,[2] filed through his then attorney, Joseph A. Hurley, Esquire,[3] a petition for return of property on December 11, 1990. Following an office conference on March 1, 1991, the matter was stayed until further Order of the Court by Order of the Court filed on October 4, 1991. Claimant pled guilty on June 10, 1991 to Trafficking in Cocaine. The Court reopened the instant matter following a letter request by claimant to the Court dated January 31, 1992. The State filed its motion for summary judgment in the instant matter on March 10, 1992, and claimant filed his cross-motion on March 30, 1992.

**I.**

■ In support of its motion for summary judgment, the State contends that the vehicle sought to be forfeited was used on April 18, 1990, to facilitate several of the indicted drug offenses. Following earlier episodes of undercover participation in drug deals involving the claimant,[4] the Wilmington Police engaged in surveillance activities at the Ortiz home on April 18, 1990 in anticipation of a drug deal between claimant and an undercover police officer. The State claims that the police observed two men, one of whom had a package in his hand, leave the Ortiz home in the defendant vehicle; that the suspects used the car to deliver the package to one Carlos Berios; and that claimant and Berios, in turn, delivered approximately one ounce of cocaine to the undercover police officer.

The claimant, *pro se*, argues in essence that the defendant vehicle is not subject to forfeiture as such vehicle was never used in connection with the aforementioned drug offenses. The claimant contends that 1) he was driving a yellow Mazda pickup truck at all times relevant to his involvement in such drug offenses, and that 2) the vehicle which the State refers to with regard to the April 18, 1990 surveillance was not the defendant vehicle, but rather a white 1981 Toyota, Delaware registration number 452713, driven by Luis R. Mercado, also a

1. Delaware license number 461262, VIN # JT2AE8659HO256431.

2. The indicted charges included Trafficking in Cocaine, Delivery of Cocaine, Conspiracy Second Degree, and Maintaining a Vehicle for Keeping Controlled Substances.

3. Mr. Hurley, retained to represent Mr. Ortiz in the criminal proceedings, discontinued such

representation during the proceedings leading to judgment as a result of a conflict of interest. Mr. Hurley was not retained to represent Mr. Ortiz in the instant matter and formally withdrew as counsel of record on March 20, 1992.

4. The claimant delivered an ounce of cocaine to Detective Anthony Asion on February 20, 1990, and on March 15, 1990.

suspect at the time. Claimant has submitted police reports which provide some support for his contentions: the first two reports submitted by defendant, dated February 20, 1990, and March 15, 1990, identify, as the "suspect vehicle," a yellow Mazda pickup, Pennsylvania registration number YMO4021. The third police report, dated April 19, 1990, and addressing the incident reported on April 18, 1990, identifies the suspect vehicle as a 1981 white Toyota, Delaware registration number 452713. Claimant also asserts that he purchased the defendant 1987 Toyota, burgundy in color, in May, 1990, and, thus, such vehicle could not have been used in the commission of the aforementioned offenses on April 18, 1990.

## II.

A party seeking summary judgment carries the burden of demonstrating, with reasonable certitude, that there is no genuine issue as to any material fact and said party is entitled to judgment as a matter of law. *Delmar News, Inc. v. Jacobs Oil Co.,* Del.Super., 584 A.2d 531, 533 (1990), citing *Matas v. Green,* Del.Super., 171 A.2d 916 (1961). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Guardian Construction Co. v. Tetra Tech Richardson, Inc.,* Del.Super., 583 A.2d 1378 (1990); *Schagrin v. Wilmington Medical Center, Inc.,* Del.Super., 304 A.2d 61 (1973). Summary judgment will not be granted under any circumstances where the record reasonably indicates a material fact in dispute or if it seems desirable to inquire more thoroughly into the facts to clarify the application of law to the circumstances. *Carillo v. Counsel of South Bethany, et al.,* Del.Super., C.A. Nos. 86A–NO–2, 86C–OC–23, 86M–OC–8, 1991 WL 113627, Lee, J. (May

24, 1991), citing *Ebersole v. Lowengrub,* Del.Supr., 180 A.2d 467 (1962), *rev'd in part* and *aff'd in part,* 208 A.2d 495 (1965).

## III.

The forfeiture provision of Delaware's Uniform Controlled Substances Act, 16 *Del.C.,* § 4784(a), provides, in relevant part, as follows:

(a) The following shall be subject to forfeiture to the State and no property rights shall exist in them:

(1) All controlled substances which have been manufactured, distributed, possessed, dispensed or acquired in violation of this chapter;

\* \* \* \* \* \*

(4) Any conveyances, including ... vehicles ... which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, trafficking in or possession with intent to deliver property described in paragraph (1)....

Section 4784 is modeled closely upon 21 *U.S.C.* § 881(a).[5] Therefore, since no Delaware Court has yet construed § 4784, it is appropriate to apply the civil forfeiture standards as set forth in the Federal decisions construing § 881(a).

A key purpose of such forfeiture statutes is to cripple the trafficking and sale of illegal drugs. *United States v. One 1972 Datsun, Vehicle Identification No. LB1100355950,* 378 F.Supp. 1200, 1205 (D.N.H.1974). As noted by the Court in *One 1972 Datsun,* vehicle forfeiture serves "to prevent the flow of narcotics by depriving narcotics peddlers of the 'operating tools' of their trade, thereby financially incapacitating the illegal narcotics activity." *Id.*

---

5. 21 U.S.C. § 881(a) provides, in pertinent part: "(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.

\* \* \* \* \* \*

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1)....

Generally, proceedings to obtain a forfeiture of a vehicle are considered *in rem* actions against the vehicle. *United States v. One 1976 Chevrolet Corvette, Serial No. 1Z37L6S419778*, 477 F.Supp. 32, 34 (E.D.Pa.1979). Because forfeiture actions of the type provided for by § 4784 have the effect, if not the purpose, of punishing owners, such actions have been characterized as civil in form, but quasi-criminal in character. *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania*, 380 U.S. 693, 700, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965). Outside of the application of the exclusionary rule, however, civil forfeitures are considered wholly independent civil proceedings. *See United States v. One 1976 Mercedes Benz 280S, Serial No. 11602012072193*, 618 F.2d 453, 456 (7th Cir.1980). As such, the government need not prove guilt "beyond a reasonable doubt." Rather, in a civil forfeiture action, the government bears the initial burden of showing "probable cause" for the institution of the suit. *United States v. Premises Known As 3639–2nd St., N.E., Minneapolis, Minnesota*, 869 F.2d 1093, 1095 (8th Cir.1989); *United States v. One 1974 Porsche 911–S Vehicle Identification No. 9114102550*, 682 F.2d 283, 285 (1st Cir. 1982); *United States v. One 1977 Lincoln Mark V. Coupe*, 643 F.2d 154, 156 (3d Cir.1981) *cert. den., Whitby v. United States*, 454 U.S. 818, 102 S.Ct. 97, 70 L.Ed.2d 88 (1981); 19 *U.S.C.* § 1615.[6] Once the government has met its burden of showing probable cause, the burden shifts to the claimant to show by a preponderance of the evidence that the property was not subject to forfeiture. *United States v. Premises Known As 3639–2nd St., N.E., Minneapolis, Minnesota, supra*, 869 F.2d at 1095, citing *One Blue 1977 AMC Jeep CJ–5 v. United States*, 783 F.2d 759, 761 (8th Cir.1986).

The probable cause standard for forfeiture is essentially the same as that applied in Fourth Amendment search and seizure cases. *United States v. One 1974 Porsche 911–S Vehicle Identification No. 9114102550, supra*, 682 F.2d at 285. Stating the standard generally, probable cause in a forfeiture action is ' "a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." ' *United States v. Premises Known As 3639–2nd St., N.E., Minneapolis, Minnesota, supra*, 869 F.2d at 1095, quoting *United States v. One 1978 Chevrolet Impala*, 614 F.2d 983, 984 (5th Cir.1980). Thus, while the evidence must do more than merely arouse suspicion, the State, in the context of the instant case, "need only supply evidence that provides reasonable grounds for believing that the automobile facilitated transportation or sale of drugs." *Id.*

A number of courts have considered and defined the statutory term "facilitate." It is well-settled that "[t]he mere fact that a car is used by a law violator does not establish the requirement for 'facilitation.' " *United States v. One 1972 Datsun, Vehicle Identification No. LB1100355950, supra*, 378 F.Supp. at 1203, quoting *United States v. One 1952 Ford Victoria*, 114 F.Supp. 458, 460 (N.D.Cal. 1953). The federal courts generally require some direct connection between the subject property and the alleged criminal activity. *See United States v. One 1977 Lincoln Mark V*, serial number 7Y89A832686, 453 F.Supp. 1388, 1391 (S.D.N.Y.1978) (inferable that vehicle facilitated drug transaction when it was the sole car used by the driver, who must have been source of drugs for seller); *One 1972 Datsun, supra*, 378 F.Supp. at 1204–05 (finding that "to be forfeited, a vehicle must have some substantial connection to, or be instrumental in the commission of, the underlying activity which the statute seeks to

---

**6.** Both 21 *U.S.C.* § 881(d) and 49 *U.S.C.*App. § 784 make procedures under customs seizure, i.e., probable cause, applicable to drug-crime related seizures. *One 1977 Lincoln Mark V Coupe, supra*, 643 F.2d at fn. 4. Therefore, while 16 *Del.C.*, § 4784(a) does not specifically indicate the requirement of probable cause, the Court finds such requirement to be clearly im-

plicit from the Delaware legislature's virtually verbatim adoption of 21 *U.S.C.* § 881(a). It is also worth noting in this regard that 16 *Del.C.*, § 4784 provides for "[s]eizure without process" where "[t]he secretary has probable cause to believe that the property was used or intended to be used in violation of this chapter." 16 *Del.C.*, § 4784(c)(4).

prevent.").[7] The Third Circuit Court of Appeals has stated the test as "whether there was a reasonable ground for belief that the use of the automobile made the sale less difficult and allowed it to remain more or less free from obstruction or hinderance." *United States v. One Lincoln Mark V. Coupe, supra,* 643 F.2d at 157 (citation omitted). In light of the purposes of civil forfeiture actions and the modern reality of increased drug-related crime, the Court adopts as applicable to 16 *Del.C.,* § 4784 the test as stated by the Third Circuit.

In the instant case, the State has alleged facts which, if proven and not rebutted, would suffice to support forfeiture. As noted, the officers engaged in the surveillance activities on February 18, 1990, allegedly watched suspects leave the Ortiz home in the defendant vehicle with a package which was then delivered to the claimant and another individual who then delivered one ounce of cocaine to an undercover officer. If such use of the defendant vehicle was in fact made, the vehicle would clearly have had a direct connection to the underlying criminal activity and be well within the level of usage resulting in forfeiture. *See One 1977 Lincoln Mark v. Coupe, supra,* 643 F.2d at 156–57 (where officers observed suspect standing near open hood of vehicle remove packets, later found to contain heroin, from his pocket and hand them to informant, and where officers subsequently observed suspect remove other packets from same pocket and place them in the trunk of the vehicle, officers had probable cause to believe that vehicle was used either to conceal or facilitate the sale of a controlled substance); *One 1974 Porsche 911–S, supra,* 682 F.2d at 286 (where DEA agents observed one suspect remove a canvas bag from the subject vehicle and then followed other suspect in said vehicle until learning over their car radio that the former had delivered a canvas bag containing illegal drugs, probable cause for forfeiture of the subject vehicle was established). The actual use of the defendant vehicle in this case, however, is directly in

dispute. As noted, *supra,* the police reports submitted by the claimant fail to indicate the defendant vehicle in any way. In particular, the police report dated April 18, 1990—the date of the alleged involvement of the subject vehicle—specifically identifies as the "suspect vehicle" a white Toyota bearing registration different from that of the defendant vehicle. Claimant having alleged facts and submitted evidence supporting a conclusion favorable to his case, summary judgment for the State is clearly inappropriate. *See Plant v. Catalytic Constr. Co.,* Del.Super., 287 A.2d 682, 686 *aff'd,* Del.Supr., 297 A.2d 37 (1972). By the same token, however, the actual use of the vehicle being in dispute, claimant has failed to show that there is no genuine issue as to any material fact. The case will therefore proceed to trial at which time the Court will determine the issue of probable cause upon the submission of additional evidence by the State.

For the aforegoing reasons, summary judgment is DENIED as to both parties.

It Is So ORDERED.

---

**7.** It should be noted that this case does not involve the innocent third-party problem, i.e., where a vehicle in the lawful custody of a third

party is used, unknown to its owner, for purposes subjecting the vehicle to forfeiture. Resolution of that problem is left for future decision.