UNITED STATES of America, Appellee,

v.

**ONE PARCEL OF PROPERTY LOCATED AT 508 DEPOT STREET, GARRETSON, MINNEHAHA COUNTY, SOUTH DAKOTA, with all appurtenances and improvements thereon; HMET Mobile Home 1972 with Serial Number 0356509G, with appurtenances and improvements thereon, Defendants–Appellants,**

**Richard Lyle Austin, Claimant–Appellant.**

**No. 91–2382SD.**

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1992.

Decided May 20, 1992.

Rehearing and Rehearing En Banc Denied July 2, 1992.

---

Richard L. Johnson, Sioux Falls, S.D., argued, for defendants-appellants.

Mary T. Wynne, Sioux Falls, S.D., argued, for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Richard Lyle Austin appeals the district court's [1] order granting the government's motion for summary judgment in this civil forfeiture action. We affirm.

I. BACKGROUND

On June 13, 1990, Keith Engebretson met Austin at Austin's auto body shop and agreed to purchase some cocaine. After reaching an agreement with Engebretson, Austin left the body shop, went to his mobile home, and then returned to the body shop, at which time he sold Engebretson two grams of cocaine. The next day, state law enforcement officers executed search warrants at the body shop and at the mobile home. The search of the body shop uncovered a twenty-two caliber revolver, some marijuana, and $3,300 in cash. Additionally, a piece of mirror, a small white

---

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

tube, and a razor blade were found on top of a barrel in the back of the shop. The search of the mobile home revealed an electronic Ohaus scale, a small baggie of cocaine, and $660 in twenty dollar bills. The search also revealed a bindle of cocaine marked "½" as well as a baggie of marijuana.

Austin pleaded guilty in state court to one count of possession of cocaine with intent to distribute. Shortly thereafter, the federal government initiated civil forfeiture proceedings against Austin's body shop and mobile home pursuant to 21 U.S.C. §§ 881(a)(4) and 881(a)(7) (1988).[2] Austin resisted the government's attempt to seize his property. The government moved for summary judgment and supported its motion with an affidavit describing the Engebretson sale, the search of the property, and Austin's subsequent plea and conviction. Austin submitted an affidavit stating, in relevant part, that the gun found in his body shop was used to shoot sparrows and that he received no money from Engebretson on June 13, 1990. The district court granted the government's motion for summary judgment and this appeal followed.

## II. DISCUSSION

### A. Summary Judgment

"In reviewing a district court's grant of summary judgment, this court applies the same standard as the district court and views the facts in the light most favorable to the nonmovant, giving it the benefit of all reasonable inferences to be drawn from the facts." *Woodsmith Publishing Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir.1990). Summary judgment is appropriate only if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Mandel v. United States*, 719 F.2d 963, 965 (8th Cir.1983).

In the context of a civil forfeiture proceeding, the government carries the initial burden of establishing probable cause; that is, it must "establish only that reasonable grounds exist to believe that the [property was] used or intended to be used for prohibited purposes." *One Blue 1977 AMC Jeep CJ-5 v. United States*, 783 F.2d 759, 761 (8th Cir.1986). The necessary level of proof is greater than mere suspicion, but is less than prima facie proof. *United States v. Premises Known as 3639–2nd Street N.E.*, 869 F.2d 1093, 1095 (8th Cir. 1989). Once the government meets this burden, "the burden shifts to the party opposing forfeiture to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture or that a defense to forfeiture is applicable." *Id.* The claimant cannot meet this burden by simply resting on his or her pleadings; instead, the claimant "must set forth specific facts by affidavits or otherwise showing that there is a genuine issue for trial." *One Blue 1977 AMC Jeep*, 783 F.2d at 762. "If unrebutted, a showing of probable cause alone will support forfeiture." *Id.* at 761.

In the present case, the government met its initial burden. The affidavit offered to support the summary judgment motion demonstrated reasonable grounds to believe both the mobile home and the body shop were used to facilitate illegal drug activity. The body shop was used as a place to meet a prospective customer, conduct negotiations, and complete a drug transaction. The affidavit also tends to support the inference that the mobile home was used as a place to store drugs. The character of these activities constitutes a sufficient connection with the prohibited conduct to enable the government to meet its initial burden.

Thus, the burden shifted to Austin. Austin's affidavit does not address, much less rebut, the essential elements of the government's affidavit. Even crediting Austin's

---

2. 21 U.S.C. § 881(a)(4) permits the government to seize "[a]ll conveyances ... which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" illegal drugs or drug paraphernalia. Section 881(a)(7) authorizes forfeiture of "[a]ll real property ... in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" certain drug related crimes.

claims that the revolver was used to shoot birds and that Engebretson did not pay any money at the time the drugs were transferred, Austin's affidavit does not dispute the government's claim that Austin sold drugs at the body shop. Similarly, Austin does not counter any of the facts tending to demonstrate the mobile home was used to store drugs.[3] Having failed to carry his burden, and having failed to raise any genuine factual issues, we conclude there were no material facts in dispute and summary judgment in favor of the government was appropriate.

### B. Eighth Amendment

 Austin contends the provisions of § 881 are unconstitutional as applied to him because the seizure of his business and home violates the Eighth Amendment. The government contends the Eighth Amendment does not apply because this is a civil forfeiture action. We reluctantly agree with the government. We say "reluctantly" because we believe that the principle of proportionality is a deeply rooted concept in the common law as stated and described in *Solem v. Helm*, 463 U.S. 277, 284, 290–92, 103 S.Ct. 3001, 3009–11, 77 L.Ed.2d 637 (1983), and that as a modicum of fairness, the principle of proportionality should be applied in civil actions that result in harsh penalties. However, we are restrained from so holding because of the decisions in prior cases on this issue hereinafter discussed.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and un-

usual punishments inflicted." Austin contends the district court should have conducted a proportionality analysis as required by *Solem* to determine whether the value of the property forfeited was "grossly disproportionate" to the illegal drugs located, and the illegal activity occurring, on the property.[4] However, the nature of a civil forfeiture proceeding renders the Eighth Amendment's proportionality analysis inappropriate.

A civil forfeiture is not an action *in personam;* instead, it is an action *in rem.* Because the government is proceeding against the "offending" property, the guilt or innocence of the property's owner is constitutionally irrelevant, *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 683–87, 94 S.Ct. 2080, 2091–94, 40 L.Ed.2d 452 (1974); yet Austin seeks, under the guise of proportionality review, to have the district court consider the seriousness of his illegal conduct and other matters relating to his culpability vis-a-vis the forfeiture of his property. We are constrained to agree with the Ninth Circuit that "[i]f the constitution allows *in rem* forfeiture to be visited upon innocent owners … the constitution hardly requires proportionality review of forfeitures…." *United States v. Tax Lot 1500*, 861 F.2d 232, 234 (9th Cir.1988), *cert. denied*, 493 U.S. 954, 110 S.Ct. 364, 107 L.Ed.2d 351 (1989). The focus in an *in rem* action is the guilt or innocence of the property; the owner's culpability apparently is therefore not a factor.[5]

In addition to adopting the Ninth Circuit's analysis, we agree with its observation that it appears incongruous to "re-

---

**3.** Austin does contend the amount of drug activity on these premises was, at best, minimal. He also points out the property represents a significant portion of his limited wealth. However, these arguments are not relevant in determining whether there was a connection or nexus between the property and the illegal conduct. *Premises Known as 3639–2nd Street*, 869 F.2d at 1096.

**4.** In *Harmelin v. Michigan*, —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), one plurality of the Court expressed a desire to overrule *Solem*, while a majority of the Court either declined to overrule *Solem* or explicitly approved

of *Solem*. *See United States v. Johnson*, 944 F.2d 396, 408–09 (8th Cir.) (discussing the individual Justices' views), *cert. denied*, —— U.S. ——, 112 S.Ct. 646, 116 L.Ed.2d 663 (1991). Nothing in this opinion should be construed as addressing *Harmelin*'s effect on *Solem*.

**5.** We decline to follow the analysis employed in *United States v. One 107.9 Acre Parcel of Land*, 898 F.2d 396, 400–01 (3d Cir.1990) and *United States v. Santoro*, 866 F.2d 1538, 1543–44 (4th Cir.1989) because those cases utilized a framework designed to distinguish between criminal and civil proceedings. We are not convinced application of the Eighth Amendment depends

quire[ ] proportionality review for forfeitures when the government proceeds *in personam,* but not when the government proceeds *in rem.*" *Id.* Legal niceties such as *in rem* and *in personam* mean little to individuals faced with losing important and/or valuable assets. *United States v. Twelve Thousand, Three Hundred Ninety Dollars,* 956 F.2d 801, 808–09 (8th Cir.1992) (Beam, J., dissenting). We do not condone drug trafficking or any drug-related activities; nonetheless, we are troubled by the government's view that *any* property, whether it be a hobo's hovel or the Empire State Building, can be seized by the government because the owner, regardless of his or her past criminal record, engages in a single drug transaction. A case supporting Austin's position could be made on the bases of the history of the Eighth Amendment as set out in *Browning–Ferris,* 492 U.S. at 266, 109 S.Ct. at 2915:

> The Eighth Amendment clearly was adopted with the particular intent of placing limits on the powers of the new Government. "At the time of its ratification, the original Constitution was criticized in the Massachusetts and Virginia Conventions for its failure to provide any protection for persons convicted of crimes. This criticism provided the impetus for inclusion of the Eighth Amendment in the Bill of Rights." *Ingraham v. Wright,* 430 U.S. [651] at 666 [97 S.Ct. 1401, 1409–10, 51 L.Ed.2d 711 (1977)] (footnote omitted).... Simply put, the primary focus of the Eighth Amendment was the potential for governmental abuse of its "prosecutorial" power, not concern with the extent or purposes of civil damages.

In this case it does appear that the government is exacting too high a penalty in relation to the offense committed, but we are limited by the technical legal distinctions regarding *in personam* and *in rem* actions, together with the clear court decisions that the Constitution does not require proportionality—at least, not in civil proceedings for the forfeiture of property.

In spite of the fact that the Constitution does not require consideration of the owner's fault, Congress has wisely allowed the owner's innocent lack of knowledge of illegal activity to serve as a defense to forfeiture. 21 U.S.C. §§ 881(a)(4)(C), 881(a)(7) (1988). We sincerely hope Congress re-examines § 881 and considers injecting some sort of proportionality requirement into the statute, even though the Constitution does not mandate such a result.

## III. CONCLUSION

After reviewing the record *de novo,* we conclude Austin failed to raise a substantial issue of fact, and summary judgment in favor of the government was appropriate. We also hold the Eighth Amendment does not require that the district court conduct any type of proportionality analysis in a civil forfeiture proceeding. Consequently, we affirm the district court.

### ORDER DENYING PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

The suggestion for rehearing en banc is denied. Judge McMillian and Judge Beam would grant the suggestion for rehearing en banc.

The petition for rehearing is also denied.

July 2, 1992.

---

solely upon whether the statute is classified as criminal or civil. *See Browning–Ferris Indus. v. Kelco Disposal,* 492 U.S. 257, 263–64, 109 S.Ct. 2909, 2914, 106 L.Ed.2d 219 (1989) ("[W]e need not go so far as to hold that the Excessive Fines Clause applies just to criminal cases. Whatever the outer confines of the Clause's reach may be, we now decide only that it does not constrain an award of money damages in a civil suit when the government neither has prosecuted the action nor has any right to receive a share of the damages awarded.").