UNITED STATES of America, Plaintiff–Appellee,

v.

ONE 1982 CHEVROLET CORVETTE, TWO–DOOR AUTOMOBILE, VIN IG1AY878YC5117138 with all Appurtenances and Attachments Thereon, Defendant,

Martie B. Gorman, Claimant,

Robert Lavern Gorman, Claimant–Appellant,

United Missouri Bank, of Monnett, a secured creditor, Claimant.

No. 92–1573.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 12, 1992.

Decided Sept. 14, 1992.

Stuart Southerland, Tulsa, Okl., argued, for claimant-appellant.

John Appelquist, Springfield, Mo., argued, for plaintiff-appellee.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

PER CURIAM.

After Robert Lavern Gorman was convicted of a drug-related offense, the Government brought this forfeiture proceeding against his 1982 Chevrolet Corvette. The district court ordered forfeiture under 21 U.S.C. § 881(a)(4) (1988). Gorman appeals, and we affirm.

In a civil forfeiture proceeding, the Government must establish probable cause that the property was used or intended to be used for an unlawful purpose. *United States v. 508 Depot St.*, 964 F.2d 814, 816 (8th Cir.1992). The Government must show more than mere suspicion but less than prima facie proof, *id.*, and it may use hearsay to establish probable cause, *United States v. 900 Rio Vista Blvd.*, 803 F.2d 625, 629 n. 2 (11th Cir.1986); *Ted's Motors, Inc. v. United States*, 217 F.2d 777, 780 (8th Cir.1954). "Once the government meets this burden, 'the burden shifts to the party opposing forfeiture to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture....'" *508 Depot St.*, 964 F.2d at 816 (quoting *United States v. 3639–2nd St., N.E.*, 869 F.2d 1093, 1095 (8th Cir.1989)). "'If unrebutted, a showing of probable

cause alone will support forfeiture.'" *Id.* (quoting *One Blue 1977 AMC Jeep CJ–5 v. United States,* 783 F.2d 759, 761 (8th Cir. 1986)).

At trial, the district court admitted a drug enforcement agent's affidavit for determining probable cause only. The affidavit described Gorman's cocaine sales to undercover officers and included a confidential informant's report that Gorman used the Corvette to retrieve cocaine from his stash. The district court found probable cause that Gorman used the Corvette to transport or facilitate the transportation, sale, receipt, possession, or concealment of the cocaine. Concluding the burden of proof had shifted to Gorman, the district court turned to Gorman's evidence. Gorman offered an affidavit in which he simply denied using the Corvette when dealing with cocaine. The district court admitted the affidavit, but found Gorman's blanket denials were insufficient to show by a preponderance of the evidence that the Corvette was not forfeitable. Thus, the district court ordered the Corvette forfeited.

On appeal, Gorman concedes the Government met its initial burden of establishing probable cause. Gorman contends, however, that his affidavit was sufficient to show the Corvette was not used in drug trafficking activity. We disagree. When Gorman did not dispute the Government's claim that he sold drugs to undercover officers or offer any explanation how he had traveled to and from his stash without using his Corvette, the district court rejected Gorman's blanket denials. In light of the record, we cannot say the district court's assessment of Gorman's evidence is implausible. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985); *Edwards v. United States Postal Serv.,* 909 F.2d 320, 322 (8th Cir.1990). Thus, the district court correctly concluded that Gorman failed to prove by a preponderance of the evidence the Corvette was not forfeitable.

Accordingly, we affirm.