26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
PREMISES KNOWN AS 7245 JAMES AVENUE SOUTH, Richfield,
Hennepin County, Minnesota, with all appurtenances
thereto and any and all proceeds from
its sale or transfer, Defendant,
David G. Hulett, Appellant,
Lomas Mortgage USA, Inc., Claimant.
 
 No. 93-3293.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 10, 1994.
Filed: May 19, 1994.
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 David G. Hulett appeals the district court's[1] finding of probable cause and grant of summary judgment in favor of the government in this forfeiture action. We affirm.
 
 
 2
 After Hulett was arrested for drug trafficking activities, agents searched his home, located at 7245 James Avenue South, Richfield, Minnesota, and discovered cocaine and marijuana, drug paraphernalia, packaging equipment, and $16,250. A jury found Hulett guilty of the drug charges, and we recently affirmed. United States v. Hulett, No. 93-2219 (8th Cir. April 7, 1994). The government commenced a forfeiture action against the defendant property, and Hulett filed a claim to the property. The government moved for a finding of probable cause to forfeit and for summary judgment against Hulett. Hulett then filed a motion for an order denying the government summary judgment, asserting that the forfeiture violated the Eighth Amendment. After a hearing, the district court entered judgment for the government.
 
 
 3
 We review the district court's grant of summary judgment de novo. Kuhnert v. John Morrell & Co. Meat Packing, 5 F.3d 303, 304 (8th Cir. 1993). The district court ordered the defendant property forfeited pursuant to 21 U.S.C. Sec. 881(a)(7), which permits forfeiture of real property that "is used ... in any manner or part, to commit, or to facilitate the commission of," a specified drug offense. "Facilitate" means "making the prohibited conduct less difficult or more or less free from obstruction or hindrance." United States v. Premises Known as 3639- 2d St., N.E., Minneapolis, Minn., 869 F.2d 1093, 1096 (8th Cir. 1989). The government bears the initial burden of establishing probable cause to forfeit, by showing-by more than mere suspicion but less then prima facie proof-that reasonable grounds exist to believe the property was used in a prohibited fashion. United States v. One Parcel of Property Located at 508 Depot St., Garretson, Minnehaha County, S.D., 964 F.2d 814, 816 (8th Cir. 1992), overruled on other grounds, Austin v. United States, 113 S. Ct. 2801 (1993). The claimant must then demonstrate by a preponderance of the evidence that the property is not subject to forfeiture or that a defense applies. 3639- 2d St., 869 F.2d at 1095. The pleadings alone cannot rebut a showing of probable cause; rather, the claimant must present specific facts supported by affidavits or other evidence to show a genuine issue for trial. One Parcel, 964 F.2d at 816. Absent a rebuttal, a showing of probable cause alone will support forfeiture. 3639- 2d St., 869 F.2d at 1095.
 
 
 4
 Hulett did not rebut the government's showing of probable cause. On appeal, he argues that the defendant property was not an instrumentality of the offense sufficient to warrant its forfeiture, but he concedes that his house was used to store the drugs and related items recovered during the search. The district court correctly found probable cause for the forfeiture and properly granted summary judgment. See One Parcel, 964 F.2d at 816 (storing of drugs in house is sufficient to establish probable cause to forfeit house under 21 U.S.C. Sec. 881(a)(7)); 3639- 2d St., 869 F.2d at 1096 (same).
 
 
 5
 Citing Austin, Hulett attacks the forfeiture as violative of the Eighth Amendment because the seizure was disproportionate to the underlying criminal activity. The Supreme Court in Austin held that the Excessive Fines Clause of the Eighth Amendment applies to civil forfeitures of property pursuant to section 881(a)(7), but the Court did not establish a test for deciding whether a fine is excessive. Id. at 2812. Given the facts here-the drug sale involved $60,000, agents found over $16,000 and significant amounts of drugs in Hulett's house, and the house had an appraised value of $89,000 with a mortgage of $47,000-we conclude the district court did not err in ruling that the forfeiture did not amount to an excessive fine under the Eighth Amendment. Hulett's motion for appointment of counsel is denied. See Rayes v. Johnson, 969 F.2d 700, 702-03 (8th Cir.), cert. denied, 113 S. Ct. 658 (1992).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota