IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50988
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Petitioner-Appellee,

versus


ONE 1993 CHEVROLET SILVERADO PICKUP,
VIN: 2GCEC19K5P1122083,

                                        Respondent,

JOSE CRESCENCIANO CORRAL-PAYAN,

                                        Claimant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CV-196-H
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Jose Crescenciano Corral-Payan appeals from the district

court's entry of judgment for the Government in a civil

forfeiture action pursuant to 21 U.S.C. § 881(a)(4).  He argues

that driving his vehicle to collect monies due from a prior drug

transaction did not constitute 'facilitation of sale' within the

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

meaning of 21 U.S.C. § 881(a)(4) because his vehicle bore no antecedent relationship to a prior drug transaction.

In a forfeiture proceeding which is uncontradicted, as in this case, this court inquires whether the Government's evidence established probable cause. <u>United States v. One 1978 Chevrolet Impala VIN-1L69U8S156817</u>, 614 F.2d 983, 984 (5th Cir. 1980).

We have reviewed the record and the briefs submitted by the parties and find that the evidence was sufficient to support a finding of probable cause for the forfeiture of the vehicle. <u>See</u> <u>United States v. One 1978 Mercedes Benz, Four-Door Sedan, VIN: 116-036-12-004084</u>, 711 F.2d 1297, 1304 (5th Cir. 1983).

AFFIRMED.