**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2453

_____

United States of America,       *
                                *
        Appellee,               *
                                *
    v.                          *
                                *
North 48 Feet of Lots 19 and 20 in                    *

Block 8 of M.J. Hammett's Addition                    *
    Appeal from the United States
to the City of Pine Bluff, Arkansas,                  *
    District Court for the
Same Being Located in the Northeast                   *
    Eastern District of Arkansas.
1/4 of the Northwest 1/4 Section 3,               *
Township 6 South, Range 9 West of                 *
[PUBLISHED]
the 5th P.M., One Parcel Property                 *
Located at Pine Bluff, Arkansas, with all *
appurtenances and improvements                    *
thereon; James Davis,           *
                                *
        Appellants.             *


_____

                        Submitted: September 10, 1997
                              Filed: March 27, 1998
_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

James Davis appeals the district court's[1] judgment ordering the forfeiture of his real property to the government, pursuant to 21 U.S.C. § 881(a)(7), and rejecting his innocent-owner defense.

Evidence presented at the bench trial--and credited by the district court--showed that Davis's brother L.C. was a large-scale drug dealer operating out of a house Davis owned, and that it was obvious to an ordinary person the property was used for drugs, based on the extensive foot traffic and the presence of home-protection devices typically used by large-scale drug dealers. The district court concluded, and we agree, that the government established probable cause that the property was used for a prohibited purpose. We also agree that Davis failed to establish his entitlement to an innocent-owner defense. See 21 U.S.C. § 881(a)(7) (no property shall be forfeited "to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner"); Sawheny v. Pioneer Hi-Bred Int'l, Inc., 93 F.3d 1401, 1407 (8th Cir. 1996) (legal conclusions reviewed de novo, facts reviewed for clear error); United States v. 3639 2nd St., N.E., 869 F.2d 1093, 1095 (8th Cir. 1989) (once government establishes probable cause that property was used for prohibited purpose, owner must demonstrate that property was not subject to forfeiture or that defense applies). Although Davis did not live in the house, he was a frequent visitor, and his testimony denying knowledge of

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

the drug activities was not credited by the trial court. His knowledge of such activities, coupled with his admission that L.C. would have left the house if asked, supports the district court's conclusion that Davis failed to show L.C. acted without Davis's knowledge or consent.

Accordingly, after careful review of the record and the arguments made by the parties, we affirm the judgment of the district court. We deny all pending motions.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.