# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-3249

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Tract I, Apartment Complex, Real | * | |
| Property Located Within The City of | * | |
| Sikeston, Scott County, Missouri | * | |
| described as All of Lots Numbered 9, | * | |
| 10, 11, 12, 13 and 14, in Block | * | Appeal from the United States |
| Numbered 7 of Fairground Addition in | * | District Court for the |
| the City of Sikeston, Scott County, | * | Eastern District of Missouri. |
| Missouri; Tract II, Business Building, | * | |
| All of Lots Numbered 4, 5, 6 and 7 in | * | **[UNPUBLISHED]** |
| Block Numbered 7 of Fairground | * | |
| Addition in the City of Sikeston, Scott | * | |
| County, Missouri, | * | |
| | * | |
| Defendants, | * | |
| ---------------------- | * | |
| | * | |
| Rufus J. Sumlin; Ella Sumlin, | * | |
| | * | |
| Movants-Appellants. | * | |

_____

Submitted: April 5, 2002
Filed: April 8, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

The United States brought this action under 21 U.S.C. § 881(a)(7) (1994), seeking forfeiture of two tracts of real property owned by Rufus and Ella Sumlin. After a bench trial, the district court[1] ordered the properties forfeited to the government. On appeal the Sumlins argue that the district court should have granted Ella Sumlin's motion for summary judgment based on tenancy by the entirety, should have applied the 2000 amendments to 18 U.S.C. § 985 (adding notice requirements), improperly found that the Sumlins could have prevented drug trade on their property, and erred in forfeiting both tracts. After careful review of the record, we affirm.

We conclude that these arguments fail because (1) the denial of summary judgment is unreviewable after a full trial on the merits, see Metro. Life Ins. Co. v. Golden Triangle, 121 F.3d 351, 354-55 (8th Cir. 1997); (2) the 2000 amendments to section 985 are not applicable to actions filed in 1998, see 18 U.S.C. § 985 historical and statutory notes; Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, § 21, 114 Stat. 202, 225 (2000); (3) the district court did not err in holding that the Sumlins failed to establish they were "innocent owners," see 21 U.S.C. § 881(a)(7) (1994), amended by Civil Asset Forfeiture Reform Act § 2(c)(2); Sawheny v. Pioneer Hi-Bred Int'l, Inc., 93 F.3d 1401, 1407 (8th Cir. 1996); United States v. North 48 Feet of Lots 19 & 20, 138 F.3d 1268, 1269 (8th Cir. 1998) (per curiam); and (4) the undisputed evidence at trial showed that both tracts were used to facilitate drug transactions, making them independently subject to forfeiture, see 21 U.S.C. § 881(a)(7).

_____

[1]The HONORABLE CATHERINE D. PERRY, United States District Judge for the Eastern District of Missouri.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.